UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HOLBROOK,

       Petitioner,                      Case No. 2:20-cv-11750

v.                                     Honorable Arthur J. Tarnow

PRISON WARDEN,

       Respondent,
_____/

### ORDER TRANSFERRING CASE TO THE SIXTH CIRCUIT COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

## I. Introduction

This matter came before the Court on petitioner Charles Judson Holbrook's *pro se* habeas corpus petition under 28 U.S.C. § 2254. (ECF No.1.) Holbrook alleges in his petition that he was convicted of unspecified crimes in Kent County Circuit Court in 2010 and sentenced to prison for fifteen to forty years. *Id.*, PageID.1. His ground for relief is that no crime was committed. *Id.*, PageID.1, 4-5.

The Court has learned from state-court records that Holbrook was convicted of the following crimes: two counts of possessing child sexually abusive material, Mich. Comp. Laws §750.145c(4); two counts of allowing a child to engage in child sexually abusive activity, Mich. Comp. Laws §750. 145c(2); two counts of

producing child sexually abusive material, Mich. Comp. Laws §750.145c(2); one count of accosting a child for immoral purposes, Mich. Comp. Laws §750.145a; and one count of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f. *See People v. Holbrook*, No. 298869, 2011 WL 5064266, at *1 (Mich. Ct. App. Oct. 25, 2011) (unpublished). The Michigan Court of Appeals affirmed Holbrook's convictions, *see id.*, and on July 24, 2012, the Michigan Supreme Court denied leave to appeal. *See People v. Holbrook*, 817 N.W.2d 78 (Mich. 2012). On June 11, 2020, Holbrook filed his habeas corpus petition in this district.

## II. Discussion

Holbrook is a frequent litigator in federal court. In fact, he has filed so many habeas petitions challenging the same convictions that the Honorable Laurie J. Michelson enjoined Holbrook from filing any more petitions in this district unless he first obtained (1) permission to do so from the presiding or chief judge or (2) authorization from the Sixth Circuit Court of Appeals to file a successive habeas petition. *See Holbrook v. State of Michigan*, No. 20-cv-10205 (E.D. Mich. June 15, 2020). However, Judge Michelson entered that order after Holbrook filed his petition in this case. Accordingly, the Court proceeds to consider whether this Court has jurisdiction to entertain Holbrook's current application for the writ of habeas corpus.

The Sixth Circuit Court of Appeals has pointed out that "[t]he Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') limits the authority of federal courts to grant relief to individuals who previously filed a habeas petition" in federal court. *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 661 (2018). Among other things, AEDPA "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court." *Id*. (citing 28 U.S.C. § 2244(b) and *In re Stansell*, 828 F.3d 412, 414 (6th Cir. 2016)).

AEDPA does not define the phrase "second or successive," and it is clear that "not all second-in-time petitions are 'second or successive.' " *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)).

> But this not-second-or-successive exception is generally restricted to two scenarios. The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition. The second is where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits.

*Id*. (internal and end citations omitted).

Of course, a petition also "is not 'second or successive' if it is the initial challenge to a specific state court judgment . . . ." *In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018) (citing *In re Tibbetts*, 869 F.3d at 406) (citing *In re Stansell*, 828 F.3d at 415). A petition is "second or successive" if it "amounts to a second or

3

successive attempt to invalidate the judgment authorizing the petitioner's confinement." *In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019).

Holbrook's current habeas petition is another attempt to invalidate his original state-court judgment. He previously challenged the state court's judgment in a federal habeas petition that the Honorable Bernard A. Friedman denied on the merits. *See Holbrook v. Rapelje*, 2:13-cv-13137 (E.D. Mich. Apr. 1, 2016). Consequently, Holbrook's current petition is a second or successive habeas corpus petition. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (holding that because the petitioner's initial § 2254 petition was dismissed on the merits, the petitioner's current petition was a second or successive petition)); *see also White v. Carter*, 27 F. App'x 312, 313 (6th Cir. 2001) (stating that "[a] district court is not authorized to consider a second or successive petition for writ of habeas corpus, when the first habeas petition is decided on the merits, unless this court grants the petitioner leave to file the second or successive petition").

Furthermore, Holbrook has not acquired permission to file a second or successive habeas petition, and federal district courts lack jurisdiction to consider a second or successive habeas petition without prior authorization from the appropriate Court of Appeals. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3) and *Burton v. Stewart*, 549 U.S. 147, 149 (2007)). When, as here, a numerically second petition is "second or successive," and it was

filed in the district court without prior authorization from the appropriate court of appeals, the district court must transfer the petition to the court of appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly, the Court orders the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*, 111 F.3d at 47.

    IT IS SO ORDERED.

                                              _s/Arthur J. Tarnow_____
                                              ARTHUR J. TARNOW
                                              United States District Judge

Date: August 26, 2020